IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02397-KLM

MICHELE ANN SALLEE,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court[1] on the **Social Security Administrative Record** [#8],[2] filed December 4, 2017, in support of Plaintiff's Complaint [#1] seeking review of the decision of Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, ("Defendant" or "Commissioner") denying Plaintiff's claim for supplemental security income benefits pursuant to Title XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1381 et seq. On January 16, 2018, Plaintiff filed an Opening Brief [#15] (the "Brief"). In lieu of filing a Response to the Opening Brief, Defendant filed a **Motion to Remand for Further Administrative Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g)** [#14] (the "Motion"). Plaintiff filed a Response [#15] in opposition to the

---

    [1] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. *See* [#9, #19].

    [2] "[#8]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

Motion, and Defendant filed a Reply [#17]. As the Senior Judge noted before reassignment of this case to the undersigned, the issues raised in the Motion [#14] are "sufficiently intertwined with the merits of the underlying controversy" that both should be decided together. *See Order* [#18]. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c). The Court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#14] is **GRANTED**, and the decision of the Commissioner is **REVERSED** and **REMANDED**.

## I. Factual and Procedural Background

Plaintiff alleges that she has been disabled since January 11, 2012. Tr. 10.[3] On October 7, 2014, Plaintiff filed an application for supplemental security income under Title XVI. Tr. 10. On October 9, 2015, an Administrative Law Judge (the "ALJ") issued an unfavorable decision. Tr. 20.

The ALJ determined that Plaintiff had not engaged in substantial gainful activity ("SGA") since October 7, 2014, the application date. Tr. 12. The ALJ found that Plaintiff suffers from three severe impairments: (1) history of left ankle fracture in January 2012, (2) anxiety disorder, and (3) organic mental disorder. Tr. 12. However, the ALJ also found that Plaintiff does not have an impairment or combination of impairments which meets or medically equals "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)." Tr. 12. The ALJ next concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work

---

[3] The Court refers to the Transcript of the Administrative Proceedings, located at Docket Nos. 8 through 8-8 by the sequential transcript numbers instead of the separate docket numbers.

with the following abilities and limitations:

> [D]uring an eight-hour workday, the claimant can sit for a total of six hours, and stand and/or walk for a combined total of four hours; the claimant can frequently balance, stoop, kneel, crouch, and crawl; the claimant must avoid more than occasional exposure to extreme cold; the claimant cannot work at unprotected heights or around fast moving machinery; the claimant can perform work that can be learned in up to three months' time; and can tolerate occasional contact with coworkers, supervisors, and the public.

Tr. 14. Based on the RFC and the testimony of an impartial vocational expert ("VE"), the ALJ found that Plaintiff had no past relevant work, but found that there are jobs which exist in significant numbers in the national economy which Plaintiff can perform, including the representative occupations of assembler of small products, mail room clerk, and office helper. Tr. 18-19. The ALJ therefore found Plaintiff not disabled at step five of the sequential evaluation. Tr. 20. The ALJ's decision has become the final decision of the Commissioner for purposes of judicial review. 20 C.F.R. § 416.1481.

## II. Standard of Review and Applicable Law

Pursuant to the Act:

> [T]he Social Security Administration is authorized to pay disability insurance benefits and Supplemental Security Income to persons who have a "disability." A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

*Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (quoting 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B)). Under the applicable legal standard, a claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a); *see also*

*Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (quoting 20 C.F.R. § 416.905(a)). The existence of a qualifying disabling impairment must be demonstrated by "medically acceptable clinical and laboratory diagnostic" findings. 42 U.S.C. §§ 423(d)(3), 423(d)(5)(A).

"When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Court reviews a final decision by the Commissioner by examining the administrative record and determining "whether the [ALJ's] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). However, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Harper v. Colvin*, 528 F. App'x 887, 890 (10th Cir. 2013) (quoting *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000)). In other words, the Court does not reexamine the issues de novo. *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F. 3d 739, 741 (10th Cir. 1993). Thus, even when some evidence could support contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may have "made a different choice had the matter been before it *de novo.*" *Oldham v. Astrue*,

509 F.3d 1254, 1257-58 (10th Cir. 2007).

**A.     Legal Standard**

The Social Security Administration uses a five-step framework to determine whether a claimant meets the necessary conditions to receive Social Security benefits. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four, and if the claimant fails at any of these steps, consideration of any subsequent step or steps is unnecessary. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) ("If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."). The Commissioner bears the burden of proof at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Step one requires the ALJ to determine whether a claimant is "presently engaged in substantial gainful activity." *Wall*, 561 F.3d at 1052 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). If not, the ALJ considers at step two whether a claimant has "a medically severe impairment or impairments." *Id.* "An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities." *Wall*, 561 F.3d at 1052 (citing 20 C.F.R. § 404.1521). Next, at step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation," *i.e.*, the "Listings." *Wall*, 561 F.3d at 1052 (quoting *Allen*, 357 F.3d at 1142). "If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent [him or her] from performing [his or her] past relevant work." *Wall*, 561 F.3d at 1052 (citing *Allen*, 357 F.3d at 1142). "Even if a claimant is so impaired, the agency considers, at step five, whether [he or she] possesses the

sufficient [RFC] to perform other work in the national economy." *Id.*

## B. Substantial Evidence

An ALJ must consider all evidence and explain why he or she finds a claimant not disabled. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). However, the ALJ need not specifically "reference everything in the administrative record." *Wilson*, 602 F.3d at 1148. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1140 (internal quotation marks omitted). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). A decision by the ALJ is not based on substantial evidence "if it is overwhelmed by other evidence in the record . . . ." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In other words, the Court's determination of whether the ALJ has supported his or her ruling with substantial evidence "must be based upon the record taken as a whole." *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). Further, evidence is not substantial if it "constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## III. Analysis

Plaintiff requests judicial review of the ALJ's decision denying her supplemental security income. *Brief* [#13]. First, Plaintiff argues that the ALJ committed harmful error by applying the wrong Listing analysis as opposed to analyzing Listing 12.05C. *Id.* at 2-10. Second, Plaintiff argues that the record justifies an immediate award of benefits, as opposed to remanding this case for further proceedings. *Id.* at 10-11. Third, if the Court

determines that remand is appropriate, Plaintiff argues that amendments to Listing 12.05C which became effective after the date of the ALJ's decision should not be applied retroactively. *Id.* at 11-12.

Regarding the first issue, Defendant agrees with Plaintiff that Listing 12.05 should have been considered by the ALJ. *Motion* [#14] at 2. Defendant states that "[t]he State agency medical consultant who reviewed the record during the prior administrative proceedings did not expressly consider whether Plaintiff met or medically equaled Listing 12.05." *Id.* Thus, Defendant "further reviewed this case and determined that remand for further proceedings is warranted," so that the agency can "consult a medical expert and reevaluate whether Plaintiff's mental condition meets or medically equals Listing 12.05 . . . ." *Id.* at 1.

Given Defendant's agreement with Plaintiff regarding Listing 12.05, the first real dispute between the parties is whether the case should be remanded to the agency for further proceedings or whether the record justifies an immediate award of benefits. *Response* [#15] at 3; *Brief* [#13] at 11-12; *Reply* [#17] at 2-4. Pursuant to 42 U.S.C. § 405(g), "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In support of her argument that an immediate award of benefits is justified, Plaintiff cites two cases.

In *Dollar v. Bowen*, 821 F.2d 530, 534-35 (10th Cir. 1987), the Tenth Circuit Court of Appeals held "that the record fails to provide substantial evidence to support the ALJ's conclusion that [the claimant] was capable of performing the full range of light work" and noted that this holding "does not automatically dictate an award of benefits." Because the

ALJ had held that the claimant could perform light work, he had not determined whether the claimant could perform sedentary work, "the sole classification requiring less physical exertion than light work." The Circuit noted that "remand for additional fact finding is generally required" under these circumstances but that "outright reversal and remand for immediate award of benefits is appropriate when additional fact finding would serve no useful purpose." The Circuit found that, even assuming that the claimant had an RFC to perform sedentary work, he was disabled as a matter of law under the regulations because of step five considerations, specifically, that the claimant was illiterate and had only nontransferable work skills. As a result, the case was remanded to the agency for an immediate award of benefits.

In *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006), the Circuit noted that whether an immediate award of benefits is justified is discretionary and that factors to be considered include the length of time a matter has been pending and whether "given the available evidence, remand for additional fact-finding would serve [any] useful purpose." The Circuit stated that it found "it difficult to imagine that any medical or psychological professional would be able to prepare a retrospective analysis of [the claimant's] mental impairments in 2001, or the effect of her [drug and alcohol addiction ("DAA")]." Thus, the Circuit held that "[t]his, along with the lack of evidence that she would not be disabled in the absence of her DAA, leads us to conclude that a remand for additional fact finding and a correct application of the law would serve no useful purpose." The Circuit therefore awarded the claimant benefits.

The present case is materially different from those cited by Plaintiff. Plaintiff essentially asks the Court to substitute its judgment for that of a medical expert who could

provide a professional opinion on whether Plaintiff's mental condition meets or medically equals Listing 12.05C. Plaintiff argues that she "has had a full scale IQ between 60 and 70 since childhood and other impairments that significantly limit her ability to work," thus satisfying Listing 12.05C, and that "[t]he only thing missing from this case is the application of the correct legal rule." *Brief* [#13] at 10-11. In other words, Plaintiff wants the Court to make a decision of first impression as to whether the facts as found by the ALJ meet or medically equal the requirements of Listing 12.05C. However, as Defendant lays out, the evidence supporting a finding that Plaintiff meets Listing 12.05C is not unequivocally unambiguous. *Reply* [#17] at 3-4; *see also Brief* [#13] at 3-10. As the *Salazar* court stated, whether an immediate award of benefits is justified is discretionary, and the Court here finds that remand for evaluation of the criteria under Listing 12.05C, including consultation with a medical expert, is appropriate, and that an immediate award of benefits is inappropriate at this time.

Finally, Plaintiff argues that, in the event of remand, the Court should order the ALJ to evaluate Plaintiff under the version of Listing 12.05C that was in effect when the ALJ made his decision on September 30, 2016. *Brief* [#13] at 11-12. On September 26, 2016, the agency amended the medical criteria for evaluating mental disorders, including Listing 12.05C, effective January 17, 2017. *Revised Medical Criteria for Evaluating Mental Disorders*, 81 Fed. Reg. 66, 138-01, 2016 WL 5341732 (Sept. 26, 2016). The new criteria provided:

> [T]hese final rules will be effective on January 17, 2017. . . . The prior rules will continue to apply until the effective date of these final rules. When the final rules become effective, we will apply them to new applications filed on or after the effective date of the rules, and to claims that are pending on or after the effective date. [Footnote 1.]

> [Footnote 1.] This means that we will use these final rules on and after their effective date, in any case in which we make a determination or decision. We expect that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions. If a court reverses our final decision and remands a case for further administrative proceedings after the effective date of these final rules, we will apply these final rules to the entire period at issue in the decision we make after the court's remand.

Plaintiff argues that, even if the case is remanded, the old criteria should be used rather than the new criteria because Plaintiff would have received her benefits under the old criteria if the ALJ had correctly identified and evaluated Listing 12.05C at that time. However, the Court finds that Plaintiff's dispute here is not ripe. In short, Plaintiff seeks an advisory opinion directing the ALJ to take specific action which is not based on any previous decision made in this case. In other words, at this time, the ALJ has made no decision regarding which set of criteria to use, and therefore Plaintiff's argument before this Court is premature. *See, e.g.*, *Cox. v. Berryhill*, No. CV 17-2556-JWL, 2018 WL 3575648, at *2 (D. Kan. July 25, 2018); *Davis v. Astrue*, No. CV 12-0388, 2012 WL 12882370, at *3 (D.N.M. Dec. 17, 2012).

## IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#14] is **GRANTED**, and the decision of the Commissioner that Plaintiff is not disabled is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

IT IS FURTHER **ORDERED** that the Clerk of Court shall **enter** Final Judgment in favor of Plaintiff and **close** this case.

Dated: March 13, 2019

BY THE COURT:

*Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge